USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 9/13/2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSEPH CANNON,

                Plaintiff,

                v.

PORT AUTHORITY OF NEW YORK AND NEW JERSEY; P.O. A. VIGNAPIANO; DETECTIVE LYNCH; SGT. KOSTANOSKI,

                Defendants.

15-CV-4579 (RA)

MEMORANDUM OPINION
& ORDER

Ronnie Abrams, United States District Judge:

Before the Court is Defendants' motion for summary judgment on pro se Plaintiff Joseph Sherod Cannon's claims arising from his arrest on March 20, 2015, and Plaintiff's motion for judgment on the pleadings.[1] Plaintiff is a twenty-six year old man with a long history of mental illness. He has been held in pre-trial detention at Rikers Island for almost two-and-a-half years pending adjudication of his criminal charges in New York State court, during which time it appears that he has been evaluated for competency. For the reasons that follow, this case shall be stayed while the Court considers whether a guardian ad litem must be appointed pursuant to Federal Rule of Civil Procedure 17(c).

## DISCUSSION

Rule 17(c) provides, in relevant part, that "[t]he court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." "A court may not determine on its merits the claim of an incompetent person who is not properly represented." *James v. New York*, 415 F. App'x 295, 296 (2d Cir. 2011); *see also*

---

[1] Plaintiff also filed a motion for summary judgment on March 9, 2017; however, his submission lacks any argument, and consists only of Defendants' motion for summary judgment with a few modifications. *See* Dkt. No. 59.

*Berrios v. New York City Hous. Auth.*, 564 F.3d 130, 134–35 (2d Cir. 2009); *Mil'chamot v. New York City Hous. Auth.*, No. 15-CV-108 (PAE), 2016 WL 659108, at *1 (S.D.N.Y. Feb. 16, 2016) (staying consideration of a motion to dismiss, or, alternatively, for summary judgment "pending a determination of [plaintiff's] competency and the appointment, if necessary, of a guardian ad litem."). The duty to consider whether Rule 17(c) applies is triggered by "evidence from an appropriate court of record or a relevant public agency indicating that the party had been adjudicated incompetent, or if the court received verifiable evidence from a mental health professional demonstrating that the party is being or has been treated for mental illness of the type that would render him or her legally incompetent." *Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 201 (2d Cir. 2003); *see also Perri v. City of New York*, 350 F. App'x 489, 491 (2d Cir. 2009). The duty to "appoint" a guardian ad litem or "issue another appropriate order," Fed. R. Civ. P. 17(c), however, only "arises after a determination of incompetency." *Ferrelli*, 323 F.3d at 201.

A number of Plaintiff's submissions lead the Court to consider the issue of competency and possible representation by a guardian ad litem pursuant to Rule 17(c) sua sponte. Cannon's medical records document a long history of mental illness. While in pre-trial detention, he was diagnosed, *inter alia*, with "[b]orderline personality disorder"; "[b]ipolar disorder, unspecified," psychosis, and depression. *See* Dkt. No. 83, at 5, 15, 39.[2] His records also document that his past medical history includes diagnosis of: schizoaffective disorder, unspecified; psychiatric disorder or problem; adjustment disorder; psychiatric situation; and borderline personality disorder. *See, e.g., id.* at 13, 15; *see also id.* at 25 (NYC Health+Hospitals record stating "[h]is

---

[2] This docket entry was not submitted with page numbers, but the Court uses consecutive page numbers for identification.

chart indicates two hospitalizations in Bellevue early in this admission with varying meds and dx of psychosis nos, mood d/o nos and he has a dx of borderline personality d/o. His medications were stopped at his request in Dec in RHU. Many of his notes indicate he presented as paranoid or bizarre in varying degrees. It is unclear what an appropriate dx is at this time but he is refusing meds and is unable [or] unwilling to behave in a controlled manner."). He has been prescribed a litany of medications for over 10 years, including Haldon, trazodone, cogetin, lithium, and Depokote.[3] Cannon Depo. Tr., Dkt. 41-J, at 30, 96. It also appears that he has made numerous efforts to kill himself. *See* Dkt. No. 88 at 8 (E-mail from Legal Aid Society regarding suicide attempt on September 13, 2016); Cannon Depo. Tr., Dkt. 41-J, at 90; 84 (December 23, 2015); 88–89 (March 7, 2014); 89–90 (2009).

Plaintiff has also previously been held at a state hospital tasked with adjudicating patients' competency, a factor the Second Circuit has considered relevant to the determination at hand. In *Lewis v. Newburgh Housing Authority*, for example, the Circuit considered the fact that the plaintiff was housed at a state facility that provides "inpatient services for pre-trial detainees . . . including evaluations for competency to stand trial" in determining that the district court should have considered his competence before addressing his claims. No. 16-CV-613, 2017 WL 2829075, at *1 (2d Cir. 2017). Similarly, Plaintiff in this case testified that on June 6, 2014, he was committed to Bridgewater State Hospital because he was "hallucinating." *See* Cannon Depo. Tr., Dkt. 41-J, at 14, 18. Bridgewater State Hospital is a Massachusetts state facility for "individuals who are determined to be in need of strict security because of the potential for endangering themselves or

---

[3] At the time of his deposition, Plaintiff testified that he was taking Prozac and Abilify, which he had been prescribed in approximately August 2015 or October 2015. *See* Cannon Depo. Tr., Dkt. 41-J, at 8, 91. As of January 9, 2017 he was taking Zantac, Ibuprofen, and Tylenol. Dkt. No. 83, at 19. A progress report dated April 17, 2017, however, states that he is "not on medication." *Id.* at 15.

3

others." *See* Massachusetts' Exec. Office of Pub. Safety and Sec., *Bridgewater State Hospital*, Mass.gov, http://www.mass.gov/eopss/law-enforce-and-cj/prisons/doc-facilities/bridgewater-state-hospital.html (last visited Sept. 13, 2017). Each individual admitted to Bridgewater State Hospital is "subject to a court-ordered evaluation under an applicable section of Mass General Law Chapter 123." *Id.* Such evaluations are completed in an effort, among others, to determine competency to stand trial. *Id.* It is unclear what, if any, determination of Plaintiff's competence was made at Bridgewater.

The same is true in New York State. The publically available information about his state criminal case on the New York State Unified Court System notes that a "Psychiatric Exam [of Cannon was] Ordered" on December 6, 2016, but does not indicate the result of such exam. *New York v. Cannon*, 01885-2015 (N.Y. Supp. Ct. filed May 22, 2015). And while Plaintiff did submit a "Declaration of Joseph Sherod Cannon also known as Lord Yusuf," stating that "[o]n March 28, 2017 [he] was found fit to stand trial in New York Supreme Court," Dkt. 66 at 1, the note associated with that hearing on the state court docket merely reads "adjourned, same bail conditions." Furthermore, Plaintiff testified that he was offered a "mental health . . . inpatient" program in connection with a possible disposition of his criminal case, *see* Cannon Depo. Tr., Dkt. 41-J, at 73, yet it appears that this case has not yet been resolved.

All of the foregoing raises sufficient questions about Plaintiff's competence to trigger the Court's duty to consider whether Rule 17(c) applies. *See Ferrelli*, 323 F.3d at 201–02; *Lewis*, 2017 WL 2829075, at *1 (holding "district court here exceeded the bounds of its discretion in not conducting a sua sponte inquiry into Lewis's competency and whether it would be appropriate to appoint a guardian ad litem" where Lewis was previously found incompetent in a recent federal criminal case and Lewis was in state custody at the Central New York Psychiatric Center, "coupled

4

with Lewis's inappropriate behavior"); *Perri*, 350 F. App'x at 491 (holding district court abused its discretion in dismissing plaintiff's complaint when it was presented with "an evaluation by a mental health professional employed by a public agency that details plaintiff's long history of mental illness, indicates that such illness causes him to have difficulty functioning, and recommends that he be represented by a guardian ad litem in an unrelated state court proceeding."); *Musaid v. Manka*, No. 13-CV-7880 (PKC) (MHD), 2016 WL 540806, at *1 (S.D.N.Y. Feb. 9, 2016) ("In light of plaintiff's history of psychiatric evaluations, this Court also instructed [Magistrate] Judge Dolinger that he may include consideration of whether the appointment of a guardian ad litem is necessary to protect Musaid's interests in this case" and concluding that the appointment of a guardian was not necessary) (internal quotations marks omitted)).

Accordingly, although the Court does not weigh in on Plaintiff's competence at this time, before proceeding further, it must first determine if Rule 17(c) applies. *See Lewis*, 2017 WL 2829075, at *2 ("[W]e are not concluding that the district court should have found Lewis incompetent, or that it must appoint a guardian ad litem on remand. We hold only that the district court exceeded the bounds of its discretion in not at least considering the possible application of Rule 17(c).").

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that by September 27, 2017, Defendants shall attempt to obtain and provide the Court with the results of any competency evaluations from Plaintiff's ongoing state criminal proceedings or prior proceedings in Massachusetts and inform the Court of its position as to whether a guardian ad litem must be appointed to protect Cannon's interests and assume "control over the litigation," *Neilson v. Colgate-Palmolive Co.*, 199 F.3d 642,

5

651 (2d Cir. 1999). To the extent Plaintiff would like to be heard on this issue, he may send a letter, and any relevant documentation he would like the Court to consider, by October 2, 2017.

This case shall be stayed until the Court has decided whether a guardian ad litem must be appointed.

Finally, if Plaintiff seeks to have any references to his medical condition sealed or redacted, he shall so inform the Court in writing.

SO ORDERED.

Dated: September 13, 2017
New York, New York

Ronnie Abrams
United States District Judge