**UNITED STATES DISTRICT COURT**
**SOUTHERN   DISTRICT OF NEW YORK**

RECEIVED
SDNY PRO SE OFFICE
2020 DEC 29 AM 11: 16

JOSEPH CANNON,
                    Petitioner,

-against-

PORT AUTHORITY OF NY AND NJ ETAL,
                    Respondent.

**REQUEST FOR ASSIGNMENT OF COUNSEL PURSUANT TO 28 U.S.C. § 1915(e)**

15-CV-4579(RA)( )

    Petitioner appearing *pro se* Joseph Cannon, hereby makes request under 28 U.S.C. § 1915(e) for assignment of counsel as the issues brought before this Honorable Court in petitioner's request for granting of the relief requested in plaintiff's claim, require taking of Interrogatories, making of motions and the inability of petitioner to present the case and the compelling need for cross examination when the case is in evidentiary stage, (See *Hodge v. Police Officers*, 802 F.2d 58).

    When a pro se litigant may have difficulty in developing the factual record, it would be in the best interest of the court and opposing parties to have counsel appointed to the pro se litigant such that he may pursue the case in an orderly fashion, (See *Hendricks v. Coughlin*, 114 F.3d 390 [2nd Cir. 1997]). Further, the appointment of counsel to a pro se incarcerated litigant is appropriate where his ability to investigate claims and factual disputes would be severely limited, (See, id. *Shabazz v. Cuomo*, No. 93-7692, 1996 WL614238, at *1 {S.D.N.Y. Oct. 23rd, 1996]).

As petitioner is an inexperienced litigant who has limited access to information in preparing his case, the appoinment of counsel in this situation would lead to a "quicker and more just result by sharpening the issues and shaping examination." (quoting *Hodge*, at 60). Moreover, this case involves factual disputes concerning petitioner's conduct, which will consequently turn on conflicting evidence, and thus require cross examination testimony.

Petitioner has already been granted in forma pauperis status, this Court should have no difficulty in determining the indigent nature of the petitioner. Petitioner has not made a previous application to this Court for assignment of counsel. Petitioner can not litigate the issues to the fullest extent of the Law as he has insufficient knowledge and resources.

Whereby, petitioner prays this Honorable Court grant this request for assignment of counsel and provide such counsel with copies of the record, so far as the record has been developed.

Dated: 21st day of December, 2020

Respectfully submitted,

Joseph Cannon, Petitioner *Pro se*
DIN# 18A0613
Marcy Correctional Facility
Box 3600
Marcy, N.Y. 13403-3600

---

Plantiff's request for the appointment of *pro bono* counsel is granted. The *Pro Se* office is respectfully directed to request *pro bono* counsel for Plaintiff. Plaintiff is advised that the Court does not have the power to obligate attorneys to represent *pro se* litigants in civil matters. The Court relies on volunteer attorneys, and there is no guarantee that a volunteer will be available. If an attorney decides to take the case, the attorney will contact Plaintiff directly and notify the Court that they have done so.

The conference currently scheduled for January 22, 2021 is adjourned *sine die.* The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff.

SO ORDERED.

Hon. Ronnie Abrams
December 31, 2020